WARNER, J.
Although we originally took jurisdiction, we now dismiss this appeal from an administrative law judge’s order, because the order was a non-final, non-appealable order.
The Department of Business and Professional Regulation, Construction Industry Licensing Board, filed an amended administrative complaint charging Larry Shim-kus, appellant, with violations of the contracting statutes, Chapter 489, Part I, Florida Statutes. Shimkus responded and also filed a motion for prevailing party attorney’s fees under section 57.111, Florida Statutes.
After a hearing, the ALJ issued a recommended order to the Board, finding that the complaint against Shimkus should be dismissed because the violations could not be imputed to Shimkus. In the recommended order, the ALJ also addressed the issue of attorney’s fees. While the statute authorizes attorney’s fees to the prevailing party, which Shimkus would have been had the agency adopted the recommended order, the ALJ observed that section 57.111(4)(a) “authorizes the award of fees unless, among other things, ‘special circumstances exist which would make the award unjust.’ ” In paragraph ninety-nine of the recommended order, the hearing officer concluded that special circum *1197 stances in the case would make an award of fees unjust. Thus, the hearing officer stated, “[Shimkus’s] request for fees and costs is denied as a matter of law and as a final order, pursuant to Section 57.111(4)(d), Florida Statutes. No further orders will issue on this request.”
Shimkus appealed the ALJ’s recommended order on the issue of attorney’s fees prior to the Board reviewing and ruling on the recommended order. We allowed this appeal to proceed, but severed the ruling on attorney’s fees, and the Board proceeded to consider the recommended order. Subsequently, the Board rejected the conclusions of law of the ALJ, placed Shimkus on probation, and imposed other sanctions. Thus, Shimkus was not the prevailing party.
Section 120.68(1), Florida Statutes (2004), provides:
A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately revieivable if revieiv of the final agency decision would not provide an adequate remedy.
(Emphasis added). Further, section 120.57(l)(k) provides that the ALJ shall submit to the agency a recommended order, containing findings of fact, conclusions of law, and a recommended disposition. The agency then reviews the order and either adopts it, rejects it, or modifies it. § 120.57(Z). A party adversely affected by a final agency action is then entitled to judicial review. See § 120.68.
Here, Shimkus could receive adequate review upon final agency action. If the Board had adopted the recommended order, Shimkus could have appealed the denial of attorney’s fees by the Administrative Law Judge at that point. However, because here the Board rejected the recommended order, Shimkus is not entitled to attorney’s fees under the statute, as he is not the prevailing party, and the ALJ’s findings on this issue are moot. Given that Shimkus appealed the final agency action, he is able to raise this same issue of attorney’s fees in that appeal. Under any circumstance, the issue is capable of review after final agency action occurs. Therefore, this appeal was premature.

Dismissed.

GUNTHER and POLEN, JJ., concur.